## RODRIGUEZ vs. VASSANT.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

The plaintiff claimed a slave in the possession of the defendant ; had him sequestered and detained in jail, *pendente lite.* The slave died, and the evidence was insufficient to show he died of a disease contracted in prison, but showed clearly he did not belong to the plaintiff: *Held*, that the loss of the slave was to be borne by the defendant, but he was entitled to recover the value of the services or hire, from the date of the sequestration until the death of the slave.

The plaintiff alleged the defendant had in his possession a certain slave belonging to him, by the name of Demps, which he prays may be decreed and delivered up to him, and that in the mean time he be sequestered.

The defendant pleaded a general denial, and averred the slave in question belonged to him, he having purchased him from one Joseph Combs, of Jefferson county, Kentucky, for the sum of seven hundred and forty dollars, and that his name was James, and not Demps, as alleged. He prays judgment in reconvention for damages and for the hire, and that said slave be restored to him.

Upon these issues, the case was tried before the parish judge.

It appeared that the slave was sequestered and imprisoned the 28th February, 1835, and died in jail, in September, following; that his hire was worth twenty-two dollars and fifty cents per month.

The evidence was various, but failed in the opinion of the parish judge, to identify or show that the slave belonged to the plaintiff. Judgment was rendered in favor of the defendant over against the plaintiff,' for the sum of seven hundred and forty dollars, with interest, as the value of the slave, and one hundred and forty-six dollars and fifty cents for his services and the costs.

The plaintiff appealed.

*Marsoudet* and *Roselius*, for the plaintiff.

*Morphy* and *Grailhe*, contra.

*Carleton, J.*, delivered the opinion of the court.

The petitioner's slave having absconded, was found, as he alleges, in the possession of the defendant, who refusing to restore him, suit was brought therefor, the slave sequestered and detained in jail, *pendente lite.*

The defendant avers in his answer, that the slave is his property, and that he is not the same bought by the plaintiff; reconvened the plaintiff, claiming three hundred dollars damages, and twenty-five dollars per month, the value of his hire from the date of the sequestration, until restored to his possession, and concludes with a prayer for general relief.

, The case was submitted to the court, who dismissed the petition, and decreed that the defendant and plaintiff in reconvention recover the sum of eight hundred and eighty-six dollars and fifty-two cents, that is, seven hundred and forty dollars, the value of the slave who had died in prison, one hundred and forty-six dollars and fifty cents for his services by the month from the 28th February, the date of the sequestration, until the 15th September, when he died, with interest on seven hundred and forty dollars, from that period until paid, with costs of suit. From this decree the plaintiff appealed.

We think with the parish judge, that the plaintiff was in an error as to the identity of the slave sequestered, and that the testimony shows him to be the property of the defendant.

But the defendant's counsel insists that the slave died of a disease contracted in jail while detained there under the order of sequestration, and relies for the proof of that fact upon the testimony of Doctor Ker, who declares, " that last summer he attended a black boy in prison, by the name of Demps ; that he died of a pulmonic complaint following the meazles ; that he suffered under the pulmonic complaint during two months after the meazles ; that the meazles are not a dangerous disease, but become so when in a damp place ; witness believes there was at that time, or shortly before, a negro belonging to the estate of Pandelly, affected with the meazles."

We think this testimony is vague, and does not show with sufficient certainty, that the death of the slave was caused by any disease arising from his detention in jail. It is not enough that it is rendered probable. A defendant in reconvention must enforce his claim by the same strength of proof that would enable him to prevail originally as plaintiff upon the same cause of action.

It appears to us, therefore, the court erred in allowing the defendant in reconvention, the value of the slave ; but that he was correct in allowing him one hundred and forty-six dollars and fifty cents, the value of his services from the date of the sequestration until the period of his death.

*The plaintiff claimed a slave in the possession of the defendant, had him sequestered and detained in jail, pendent lite. The slave died, and the evidence was insufficient to show he died of a disease contracted in prison, but showed clearly he did not belong to the plaintiff: Held, that the loss of the slave was to be borne by the defendant, but was entitled to recover the value of his services or hire, from the date of the sequestration until the death of the slave.*

EASTERN DIST.
*May,* 1837.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be reversed ; and, proceeding to give such judgment as ought to have been rendered by that court, it is ordered and decreed, that the defendant and plaintiff in reconvention, recover from Rodriguez, the defendant in reconvention, the sum of one hundred and forty-six dollars and fifty cents, with costs in the Parish Court, and that the costs of this court be borne by the appellant.